# In the United States Court of Federal Claims
(Pro Se)

|  |  |  |
|---|---|---|
| ADAM JAMES JOINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22-1882C |
| v. | ) | (Filed: March 15, 2023) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Adam James Joiner, pro se, Yankton, South Dakota.

Delisa M. Sánchez, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were Elizabeth M. Hosford, Assistant Director, Patricia M. McCarthy, Director, and Brian M. Boynton, Principal Deputy Assistant Attorney General, for defendant.

### **OPINION AND ORDER**

Plaintiff Adam James Joiner is currently a federal prisoner. See Compl. at 1, Docket No. 1. From May to December 2022, Mr. Joiner alleges, he sent several documents labeled "Discharge and Indemnity Bond," "Secured Funding and Offset Bond," and "Bonded International Promissory" Notes #110 and #111 to the Commissioner of the Internal Revenue Service and the Secretary of the Treasury. See id. at 4–5. The bonds, drafted and secured personally by Mr. Joiner and purportedly worth several hundred billion dollars, stated that acceptance of the instruments acted to discharge any liabilities, debts, obligations, judgments, taxes, or any other charges Mr. Joiner owed to the U.S. government. See id. at 7–9. They further stated that the United States Treasury had ten days to dishonor the bonds by returning them to Mr. Joiner by mail. See id. at 8. If the Treasury did not return the bonds, Mr. Joiner stipulated, they would be deemed accepted by the Treasury and all his obligations discharged. See id.

The Treasury Department did not respond to Mr. Joiner. See id. Mr. Joiner alleges that "[f]ailure to return the bonds stipulated the Secretary's Honorable Acceptance of the bonds on behalf of the United States . . . and established an express contract between [himself] and the United States." See id. Mr. Joiner attempted, on multiple occasions, to contact the Treasury Department and discharge his liabilities, to no avail. See id. at 8–9. Mr. Joiner therefore filed the present suit in this Court to compel performance on the alleged contracts. See id. at 9. Mr. Joiner seeks $5 billion in relief—the amount of one the bonds sent to the government—as well as an order discharging his 2021 criminal conviction in the Central District of California. See id. (citing United States v. Joiner, 2:19-cr-00541-AB-1, 2:19-cr-00744-AB-1 (C.D. Cal. filed Nov. 17, 2021)).

The government moved to dismiss Mr. Joiner's complaint for lack of jurisdiction on February 17, 2023. Docket No. 13. It argues that Mr. Joiner has failed to allege that he formed a valid contract with the United States and cannot recover where no government agent took any affirmative action to bind the government. See id. at 4–7. Additionally, the government argues that this Court has no jurisdiction to review criminal convictions. See id. at 8–9.

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts alleged in the complaint and "draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff, however, has the burden of establishing subject-matter jurisdiction by preponderant evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

Plaintiffs proceeding pro se, lacking the benefit of counsel in preparing their claims, receive a degree of latitude in their pleadings not afforded parties represented by counsel. See

Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972) (noting that the pleadings of pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, pro se plaintiffs must meet the burden of establishing that the Court has subject-matter jurisdiction. See Trusted Integration, 659 F.3d at 1163.

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). While the Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), it does not confer any substantive rights, United States v. Testan, 424 U.S. 392, 398 (1976). Plaintiffs invoking the court's jurisdiction must therefore identify a substantive right to money damages arising out of a contract, statute, regulation, or constitutional provision. See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

The Court of Federal Claims lacks jurisdiction to vacate criminal convictions of United States District Courts. See Jones v. United States, 440 Fed. Appx. 916, 918 (Fed. Cir. 2011) (holding that the Court of Federal Claims cannot discharge district court convictions); Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir. 2001) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts."); Chergi v. United States, 2014 WL 4216289, at *2 (Fed. Cl. Aug. 27, 2014); Long v. United States, 113 Fed. Cl. 7, 12 (2013). The Court does have jurisdiction to award money damages for unjust conviction but only where statutory conditions are satisfied. See 28 U.S.C. § 1495. The Court lacks the authority to order Mr. Joiner's discharge from the federal prison system.

The Court also finds that it lacks jurisdiction over Mr. Joiner's breach of contract claim. Although breach of contract claims are typically within this Court's jurisdiction, see 28 U.S.C. § 1491(a)(1), the Court may dismiss for lack of subject-matter jurisdiction "if the claim is 'wholly insubstantial and frivolous,'" Lewis v. United States, 70 F.3d 597, 602 (Fed. Cir. 1995) (quoting Bell v. Hood, 327 U.S. 678, 682–83 (1946)). Mr. Joiner's claims fall into this category.

To make a contract, both parties must accept the contract and intend to be bound by it. See Lamle v. Mattel, Inc., 394 F.3d 1355, 1362 (Fed. Cir. 2005) ("To prove a contract with Mattel, Lamle must prove that the parties objectively intended to be immediately bound by an oral contract"); City of Cincinnati v. United States, 153 F.3d 1375, 1377 (Fed. Cir. 1998) (a contract with the United States requires "(1) mutuality of intent to contract; (2) consideration; [] (3) lack of ambiguity in offer and acceptance, . . . [and (4)] [t]he government representative whose conduct is relied upon must have actual authority to bind the government in contract"). Absent any action on the part of a party indicating an intent to enter into a contract, there is no contract. And merely failing to respond to an unsolicited message in the mail does not constitute acceptance. See Ibrahim v. United States, 799 Fed. Appx. 865, 867 (Fed. Cir. 2020) ("[A]n offeree's failure to respond to an unsolicited offer does not create a contract, regardless of any contrary terms in the offer.").

Mr. Joiner attempted to bind the United States by undertaking a unilateral action to which the United States did not respond. He sent the United States government several bonds and stipulated that their acceptance released him of various obligations. See Compl. at 7–8. The government did not respond and took no action at all to indicate that it had accepted Mr. Joiner's offer. Without taking any affirmative action to demonstrate an objective intent to be bound, the government cannot bind itself. Further, the government did not become a party to the contract

4

simply because Mr. Joiner included magic words stating that the government's silence constituted acceptance. See Ibrahim, 799 Fed. Appx. at 867.

Finally, Mr. Joiner recently filed a pleading that the Court construes as a motion to amend his complaint. Docket No. 16. Mr. Joiner seeks leave to replace the section in his original complaint discussing jurisdiction and raises no new substantive allegations. As the Court has concluded that Mr. Joiner's substantive allegations are insufficient to establish jurisdiction irrespective of the authority on which Mr. Joiner attempts to rely, Mr. Joiner's proposed amendment would be futile and the Court accordingly **DENIES** Mr. Joiner's motion. See Foman v. Davis, 371 U.S. 178, 182 (1962); Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V., 464 F.3d 1339, 1353 (Fed. Cir. 2006).

**CONCLUSION**

On the basis of the foregoing, the government's motion to dismiss Mr. Joiner's complaint based on lack of jurisdiction, Docket No. 13, is **GRANTED**. Mr. Joiner's Motion to Proceed in Forma Pauperis, Docket No. 2, is **GRANTED**. Mr. Joiner's Motion for Ruling, Docket No. 6, his Emergency Notice and Request for Ruling, Docket No. 8, and his Motion for Summary Judgment, Docket No. 12 are **DENIED** as moot. The clerk is directed to enter judgment accordingly.

    **IT IS SO ORDERED.**

                                                          ELAINE D. KAPLAN
                                                          Chief Judge